Caria, per

Butler, J.
As this case was presented on the circuit, there was no dispute about the facts. It was there argued as a question of law arising out df a statement of facts made in the return of' the attorney, for the plaintiff, Mr. Smith. In this return, there is no allegation that the release of Shingler was not genuine, or that it had been obtained from him by fraud. The ground taken was, that the paper could not operate to release and discontinue these actions; inasmuch as they had been commenced under a powrnr of attorney, coupled with an interest by'an equitable assignment to' Daniel J. Ryan, the creditor of Brownlee. Under such á state of facts, the question arose, was it competent and proper for the circuit judge to make an order for the dis *526 continuance of these actions'? We are of opinion that it was competent for the judge to entertain the question; and whether the order was properly made or not, depends on the legal effect and operation of the power of attorney of Shingler to Ryan, and also of his release of the causes of these actions. There is no doubt but that the terms of the release are fully sufficient to effect the purpose designed by Shingler. After reciting these proceedings in attachment, by Brownlee against himself, (Shingler) under which Brownlee had received a sum of money justly due to him for money lent, the release sets out that actions had been commenced on the recognizance of Brown-lee and his surety, to recover back the same money; and it then uses the following language, both for the purpose of releasing the cause of actions, and disclaiming their continuance in court. “ Now know ye, that I, the said James S. Shingler, for and in consideration of the premises, &c. have released, remised, and forever quit claim, and by these presents do release and quit claim to the said Thomas Brownlee, his heirs, executors and administrators, all and all manner of actions, suits, reckonings and demands whatsoever, for and on account of the recognizance so entered into by the said Thomas W. Brownlee, as above mentioned, or for and on account of any of the matters or things before mentioned,” <fec. with this further special clause. “And I do hereby particularly disclaim all suit or suits commenced on the above recognizance as above stated.” The release must prevail, to the extent of its purport, unless the power of attorney to Ryan has conferred upon him such rights as to render it irrevocable. And this depends altogether on the question, whether it can be coupled with such vested interests in Ryan, as will be recognized and protected by this court. In the case of Hunt vs. Rousemanier, 8 Wheat. 203, C. J. Marshall speaks of three kinds of powers of attorney, each having very different incidents. 1. A naked power of attorney, by which one authorizes another to act generally, or do some particular thing in his' name. This is a power depending entirely on the will of the principal, and ceases when his will or permission is withdrawn. 2. A power containing a covenant in it, that the power is to be enforced *527 for the benefit of the attorney in relation to the execution of the power, but which must be done in the name of the principal. In such case, the power may be regarded in the nature of a security, and, by its terms in general, being irrevocable during the life of the principal, it is only revoked at his death, by the operation of law; for this reason, that after that time, the power could not be executed in his name. The 3d, is a power coupled with an interest, as it is termed. This must contain a conveyance of an interest to the attorney. The power and the interest are united in the same person, in the same instrument. In other words, as Judge Marshall expresses it, “the power must be ingrafted on an estate.” In which case, the party having the power, has an interest uncontrolable by the principal, and which will survive tojiim after the death of the principal. The power of attorney which we have under consideration in this case, cannot come within either the second or third class referred to. It is a general power from Shingler to Ryan, to act for him and in his name, in the collecting and paying over money due to or owing by Shingler in South Carolina. In its terms it is an agency conferred on Ryan to act for the benefit of Shingler. There is no covenant that the power is to be exercised for the benefit of Ryan, in relation to any particular matter in which he has an interest.
There is nothing in the terms of the power itself to prevent Shingler from revoking it whenever he might think proper. This was not insisted on in the argument of counsel who make this motion. But it was contended that the power of attorney was given to Ryan to enable him to use Shingler’s name for the purpose of enforcing a right vested in him under the assignment contained in the letter of May, 1835. Can that letter operate as an assignment at all'? It amounts to an acknowledgment of a debt, and indicates the source of payment, with this remark : “get what you can there, (in South Carolina,) and write soon; I will make up the balance with interest.” There is one fatal objection to this operating as an assignment of an interest in the cause of action upon which these suits have been commenced. This cause of action did not then, or at the time the power of attorney was executed, have an exis *528 tence, and could not, therefore, have been within the contemplation of the parties. And no case can be found in which the attorney has acquired a vested interest in any chose in action, or other matter not embraced in the power itself, or indicated by the paper under which he claims as an equitable assignment. Such a proposition would be too extravagant in itself, and would lead to an assertion of a right on the part of the attorney never conferred, or intended to be conferred, upon him by his principal, and would make a general power intended for one object subserve the end of another never contemplated. It would, indeed, be making a conveyance operate on a matter not embraced in it, or intended by the principal to be embraced in it. This case affords an illustration. Shingler may have given a power to bring actions against his debtors at the time the power was conferred, but he never could have intended to bring an action against a bona fide creditor. And if he has not the power to release this action against Brownlee, he will be compelled to do that which he never intended to do himself, and at which, perhaps, his sense of justice would revolt; for it appears he owed Brownlee all that he recovered under his attachment. The fact that that attachment has been set aside does not change his liability to pay •the debt, although it may have given’him a mere cause of action, a judgment which might enable him to collect that which he would be compelled to pay back in a different form. But we think further, that the alleged assignment in the letter was too vague and indefinite to deprive Shingler of his lega-l control over his funds in South Carolina, when he might think proper to resume and exercise it. .For, suppose he had come and demanded payment himself of monies coming to him, could Ryan have interposed his •authority under the power, to deprive Shingler of his right to receive them in his own name ? I apprehend that in such .ease the authority of the attorney would be superseded by that of his principal, as he could shew no vested interest in any thing which he might claim. We think the decision below was right, and therefore refuse the motion.
Motion dismissed,
Richardson, Q’Neall, Evans, Wardlaw and Frost, JJ. concurred.